UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES BRACCIODIETA, : | |
| : | Hon. Joseph H. Rodriguez |
| Petitioner, : | |
| : | Civil Action No. 09-5453 |
| v. : | Criminal Nos. 97-33 and 97-96 |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. | |

**OPINION**

This matter is presently before the Court on an application by Petitioner Charles Bracciodieta, who requests that the Court vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government now moves to dismiss Mr. Bracciodieta's petition. The Court has considered the submissions of the parties and for the following reasons will dismiss Petitioner's ineffective assistance of counsel claim without an evidentiary hearing.

**I. FACTS**[1]

On February 14, 1997, Petitioner pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). On February 23, 1998, this Court sentenced him to three terms of 109 months imprisonment for each count, to run concurrently and to be followed by a three year period of supervised release. Following his release from federal prison in 2005 and during his term of supervised release, Petitioner committed two

---

[1] A more complete recitation of the facts can be found in the Third Circuit's Opinion addressing the merits of Petitioner's direct appeal. See United States v. Bracciodieta, 335 F. App'x 231 (3d Cir. 2009).

1

additional bank robberies.  These new offenses were assigned to the Honorable Joseph E. Irenas, United States District Court Judge.

Petitioner plead guilty to two violations of 18 U.S.C. § 2113(a) on September 7, 2006 before Judge Irenas.  Judge Irenas sentenced Petitioner to a term of 127 months imprisonment on January 10, 2007.  Then, on January 24, 2007, this Court sentenced Petitioner to a term of 24 months imprisonment for each violation of his supervised release, which was to run consecutively to any previous state or federal sentence, including the sentence imposed by Judge Irenas.  Petitioner appealed both the sentence imposed by this Court and the sentence imposed by Judge Irenas.  Those appeals were consolidated and the Third Circuit affirmed the judgments of sentence.

Petitioner has filed two separate actions seeking collateral post conviction relief pursuant to 28 U.S.C. § 2255.  In addition to the present action, in which Petitioner asserts only that his counsel provided ineffective assistance, another action was pending before Judge Irenas.[2]  The Government filed an answer and a motion to dismiss on January 18, 2010.  The Government's singular filing addresses both the present action and the case pending before Judge Irenas.

---

[2] The matter pending before Judge Irenas was dismissed on the merits on July 6, 2010. Petitioner sought post conviction relief predicated upon the following allegations: that (1) his sentence was unreasonable, (2) he was entitled to a downward departure for diminished mental capacity and cooperation with authorities and because he was not a career offender, (3) he did not receive effective assistance of counsel, (4) his right to a speedy trial was violated, and (5) he should have received a concurrent sentence for violation of supervised release on the grounds of ineffective assistance of counsel.

## II. DISCUSSION

### A. The Government's Motion to Dismiss

The Government moves to dismiss Petitioner's application on strictly procedural grounds.  The Government first argues that Petitioner's claims are time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub L. 104-132, Tit.I, 110 Stat. 1217 ("AEDPA").  Alternatively, the Government contends that the Third Circuit Court of Appeals already rejected on direct appeal the arguments Petitioner advances in the present action.  Both arguments fail.[3]

First, Petitioner' s application is timely.  Under 28 U.S.C. 2255(f), a petitioner seeking relief must file a motion within a one year limitation period that begins to run from the latest occurrence of the following four possible dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the relevant provision is 28 U.S.C. 2255(f)(1), the date on which Petitioner's conviction became final. "For the purpose of starting the clock on § 2255's one-year limitation period we hold, a judgment of conviction becomes final when the

---

[3] Because the Government's motion was styled in a manner that attempted to address two separate actions pending before two distinct Courts, the arguments in favor of dismissal of the application before this Court are not clear.  The majority of the Government's motion is directed at the matter pending before Judge Irenas.  There is little discussion of the issues before this Court and no substantive discussion of the merits of Petitioner's application.

time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner's direct appeal was decided on June 24, 2009. Because he did not petition for certiorari, Petitioner's judgment of conviction became final on October 23, 2009. See Sup. Ct. R. 13.1 (the time for filing a petition for certiorari expires 90 days from the entry of judgment).

Petitioner filed the present § 2255 application on October 26, 2009, just three days after the one-year limitation period began to run. Thus, his application is timely.

Second, Petitioner's ineffective assistance of counsel claim has not been considered on direct appeal as the reasons underscoring Petitioner's present claim differ from those considered by the Third Circuit.[4] On direct appeal, the Third Circuit rejected Petitioner's ineffective assistance of counsel claim, which was predicated upon his counsel's failure to call the defendant's expert during the sentencing hearing. See United States v. Charles Bracciodieta, 335 Fed. App'x. 231, 235, 2009 WL 1803278, *2 (3d Cir. 2009). Here, however, Petitioner advances separate and distinct grounds for his ineffective assistance of counsel claim:

---

[4] Ordinarily, ineffective assistance of counsel claims are not considered on direct appeal. See United States v. Cocivera, 104 F.3d 566, 570 (3d Cir. 1989). Such claims are more appropriate for collateral attack. Id. (citing Government of the Virgin Islands v. Forte, 806 F.2d 73, 77 (3d Cir. 1986)). "There is, however, a narrow exception to the rule that defendants cannot attack the efficacy of their counsel on direct appeal. Where the record is sufficient to allow determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed." United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991) (citations omitted). Indeed, the Third Circuit has adjudicated ineffective of assistance of counsel claims on direct appeal in many instances. See, e.g. id.; Government of Virgin Islands v. Zepp, 748 F.2d 125, 133 (3d Cir.1984).

> Counsel . . . rendered deficient performance at sentencing by failing to object to prosecutor's introduction of false information; specifically, defendant never possessed a knife, nor has defendant ever been transferred from a TSOP (sic) facility for disciplinary reasons. By her neglect, counsel allowed the Court to rely on inaccurate facts to support the conclusion that defendant was a "troublesome inmate"; a Due Process violation demonstrably made as the basis for the sentence defendant received.

Petition at ¶ 12(a).

Given that alternative reasons underscore Petitioner's current ineffective assistance of counsel claim, the Government's argument fails. The merits of Petitioner's application will now be considered.[5]

### B. Petitioner's Application pursuant to 28 U.S.C. § 2255

Petitioner's claim of ineffective assistance of counsel fails to demonstrate prejudice and will be dismissed.

A petition filed pursuant to 28 U.S.C. § 2255 constitutes a collateral attack on the validity of a sentence. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004). That statute provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

See 28 U.S.C. § 2255. A petitioner is entitled to habeas corpus relief under Section 2255 if the error amounts to "a fundamental defect which inherently results in a complete

---

[5] Given that the Court is not adopting the Government's arguments for dismissal, Petitioner's request for an extension of time to respond to the Government's motion is moot and will be dismissed.

5

miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Cleary, 46 F.3d 307, 310-11 (3d Cir. 1995) (quoting United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989)).  The burden is on the petitioner to establish his claim in the petition.  See Gov't of the Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir. 1985).

A fundamental defect of this sort may result from ineffective assistance of counsel, which is established by satisfying a two-prong test. Strickland v. Washington, 466 U.S. 668 (1984).  According to Strickland, a convicted defendant must first show that the performance of counsel was somehow deficient. 466 U.S. at 687.  Deficiency is present when counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.  If deficiency is shown, a convicted defendant must then show that the deficiency actually "prejudiced the defense." Id.  "Unless a defendant makes *both showings*, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." Id. (emphasis added).  Notably, "[j]udicial scrutiny of counsel's performance must be highly deferential." Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689).  This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, supra, at 690.

Petitioner grounds his ineffective assistance of counsel claim on the allegation that his trial attorney permitted the Court to consider that he was a "troublesome inmate" by failing to correct the prosecutor's inaccurate factual statements.  Petition at ¶

12(a). He contends that this failure impacted his sentence. Consideration of this claim does not require an evidentiary hearing. See Forte, 856 F.2d at 62. Even assuming arguendo that counsel was deficient, Petitioner cannot show that the alleged failure of counsel actually "prejudiced the defense." Strickland, 466 U.S. at 687. Because Petitioner cannot demonstrate prejudice, there is no need to determine whether Petitioner's allegations are truthful. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 291 (3d Cir. 1991) (where the court determines that a petitioner may be entitled to relief, an evidentiary hearing is conducted to ascertain the truth of the matter). Therefore, the Court will consider Petitioner's claim on the papers.

The United States Sentencing Guidelines called for a sentencing range of 21-27 months imprisonment for each violation of Petitioner's supervised release. However, pursuant to 18 U.S.C. § 3583(e)(3), the mandatory maximum term of imprisonment for the violation was capped at 24 months. As a result, the Guideline range was effectively narrowed to 21-24 months imprisonment. On January 24, 2007, this Court sentenced Petitioner to two terms of 24 months imprisonment, to run concurrently to each other, but consecutively to any previous state or federal offense. Although Petitioner received the mandatory maximum term of imprisonment, if not for the cap, his sentence fell within the middle of the range called for by the Guidelines. And the consecutive component of the sentence was mandated by United States Sentencing Guideline § 7B1.3(f).[6]

---

[6] That Section provides:
Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being

Petitioner's sentence was reasonable and consistent with the mandates of the Guidelines. The length of the imposed term of imprisonment of 24 months fell in the middle of the applicable Guideline range and represented the mandatory maximum term permitted. In reality, the Guideline range was effectively shortened to 21-24 months imprisonment. There is no reasonable probability that the sentence would have been even lower if not for counsel's alleged deficiency. Therefore, Petitioner cannot demonstrate prejudice and his claim for habeas relief must be denied.[7]

An appropriate Order shall issue.

Dated: July 15, 2010

        /s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE

---

served resulted from the conduct that is the basis of the revocation of probation or supervised release.
U.S.S.G. § 7B1.3(f) (emphasis added).

[7] Consequently, the Court will dismiss Petitioner's motion for default.